## COLLETTE v. ZENITH DREDGE CO.
### Civ. A. No. 1134.

United States District Court
D. Minnesota.

Aug. 4, 1951.

John H. Louisell, of Duluth, Minn., for plaintiff in support of said motions.

Dancer, Montague, Applequist & Lyons, of Duluth, Minn., for defendant, in opposition thereto.

DONOVAN, District Judge.

The above-entitled matter came on for hearing before the undersigned, one of the judges of the above-named Court, at a Special Term thereof, at Duluth, Minnesota, on the 1st day of June, 1951, upon the motions of plaintiff (1) to strike paragraphs 5, 6 and 7 of defendant's answer, and (2) to make said answer more definite and certain.[1]

This action was brought under the so-called Jones Act.[2] Plaintiff alleges that on or about May 30, 1949, he was employed by defendant as a member of the crew and specifically as derrick operator on defendant's dredge, Faith, and that said dredge was at said time enrolled and licensed as a vessel operated by defendant from port to port between the several states upon the Great Lakes. Further, that on said date plaintiff, during the course of his said employment met with an accident causing him to sustain personal injuries, all of which plaintiff attributes to the negligence of defendant, and for which he claims damages in the sum of $45,000.

Defendant answered, pleading by general denial, contributory negligence, assumption of risk, and that plaintiff and defendant were at all times subject to and within the purview of the applicable Compensation Acts. The motion to strike is directed at defendant's pleas of the Minnesota Workmen's Compensation Act[3] and the United States Longshoremen's and Harbor Workers' Compensation Act[4], and a denial of liability for maintenance and cure. During oral argument plaintiff conceded that no relief is sought for maintenance and cure.

The motion to make more definite and certain is limited to plaintiff's request that defendant affirm or deny plaintiff's allegations that plaintiff was "a member of the crew" and that the dredge was "enrolled and licensed" as a vessel.

Motions to strike are not regarded with favor by the Courts[5] and unless prejudice to movant is likely to result, the motion will be denied. Whether plaintiff was a "seaman" within the Jones Act, or a "master or member of a crew of any vessel" and hence excluded from coverage by the Longshoreman's and Harbor Workers' Act, is a fact question. The facts of the case are determinative of the application of the Jones Act relied on by plaintiff, or of the state or federal Compensation Acts, relied on by defendant.[6]

The motion to strike paragraph 7 of the answer, pertaining to maintenance and cure, is granted.

The motion to strike paragraphs 5 and 6 of the answer is denied.

The motion to make the answer more definite and certain is denied, as the information here sought can be obtained by means of discovery under the Rules.

It is so ordered.

Exceptions are allowed both parties.

---

1. Rule 12(f) and (e), Federal Rules of Civil Procedure, 28 U.S.C.A.

2. 46 U.S.C.A. § 688.

3. 13 M.S.A. § 176.01 et seq.

4. 33 U.S.C.A. § 902(3).

5. 3 Ohlinger's Federal Practice (Revised Edition) 218.

6. Kibadeaux v. Standard Dredging Co., 5 Cir., 81 F.2d 670; Schantz v. American Dredging Co., 3 Cir., 138 F.2d 534; Gahagan Const. Corporation v. Armao, 1 Cir., 165 F.2d 301.