Raymond L. McNEIL

v.

AMERICAN EXPORT LINES, INC.
and
American Trading & Production Corporation.

Civ. A. No. 23854.

United States District Court
E. D. Pennsylvania.

Sept. 3, 1958.

Milton M. Borowsky, Philadelphia, Pa., Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Mark D. Alspach, Philadelphia, Pa., Krusen, Evans & Shaw, Philadelphia, Pa., for defendant.

LEAHY, District Judge.

This is a suit under the Jones Act, 46 U.S.C.A. § 688, for injuries to a seaman while employed by defendant American Export Lines, Inc., and later while in the employ of defendant American Trading & Production Company. The first injury occurred on the vessel Paine Wingate and the subsequent injury occurred while on the Crown Trader. The seaman first suffered back injuries, then later he alleges these were aggravated by an injury which occurred while on the second vessel. American Export seeks a more definite statement segregating each injury, with particularization, and for a separate trial.

1. A motion for a more definite statement has its procedural limitations. See 28 U.S.C.A. p. 339; and commentaries to Fed.Rules Civ.Proc. rule 12(e), 28 U.S.C.A. (Rules 1–16) at pp. 340–341; Sierocinski v. E. I. DuPont De Nemours & Co., 3 Cir., 103 F.2d 843; Reese v. Pennsylvania Railroad Co., D.C.W.D.Pa., 14 F.R.D. 153; Trotta v. City of Cleveland City Transit System, D.C.N.D.Ohio, 9 F.R.D. 315; Collette v. Zenith Dredge Co., D.C.Minn., 11 F.R.D. 594. Plaintiff offers himself for oral examination and other pre-trial discovery techniques if defendants want more information. The invitation has not been accepted. The motion for a more definite statement in the complaint is accordingly denied.

2. The motion for separate trial is likewise denied. Fed.Rules Civ.Proc. rule 20 provides for joinder of two causes of action against different parties —so long as they arise out of the same occurrence of individual injury and involve a common question of law and fact. An original tortfeasor is liable for all damage flowing from the first wrong and the second tortfeasor is liable to a plaintiff to the extent of his own liability. Restatement, Law of Torts, § 447 (comment (h)), and 9 A.L.R. 255; 20 A.L.R. 524. See, too, Sunderland, 45 W.Va.L.Q. 5. Lucas v. City of Juneau, D.C.Alaska, 127 F.Supp. 730, reviewed the question and concluded a negligent act of a defendant did not set in motion forces to produce a single injury, but there were two successive and identical injuries. Thus, there could be a joint action against each alleged negligent defendant under Fed.Rules Civ.Proc. rule 20. Here, injuries took place at different times, but to the same part of the body. Intervening causation, under such circumstances, brings both alleged negligent parties within the ambit of the Restatement Rule and under Fed.Rules Civ.Proc. rule 20. They may be joined in one suit. The motion for a separate trial is likewise denied.

Orders may be submitted.