**Paul P. POSTER**

v.

**CENTRAL GULF STEAMSHIP CORP.**
(Sinclair Refining Company).

Civil A. No. 26406.

No. 195 of 1959, Admiralty.

United States District Court
E. D. Pennsylvania.

Feb. 17, 1960.

Freedman, Landy & Lorry, Joseph Boardman, Philadelphia, Pa., for plaintiff.

Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for Central Gulf.

Krusen, Evans & Shaw, Philadelphia, Pa., for Sinclair.

WOOD, District Judge.

These companion cases are actions by a seaman against two steamship companies. The steamship companies are co-defendants in the civil action and co-respondents in the libel. Plaintiff-libellant alleges that while in the employ of the Sinclair Refining Company (hereafter called "Sinclair") he contracted a disease known as amebiasis, and that that disease was aggravated while he was employed by the Central Gulf Steamship Corporation (hereafter called "Gulf").

The motions now before the Court question the propriety of joining the two steamship companies in these suits.

In order to clarify the issues here involved, it is necessary to state in some detail plaintiff-libellant's allegations. It is alleged that in the fall of 1957, while Sinclair's ship was in the Suez Canal area (and plaintiff-libellant employed thereon), natives were permitted to board the ship in order to assist the cooks, stewards, etc. These natives were also permitted to use the ship's lavatory facilities. During that voyage, plaintiff-libellant first experienced the symptoms of amebiasis. Early the following winter, while plaintiff-libellant was employed aboard Gulf's ship, that ship was in the Suez Canal area and again natives were permitted to board her to assist the cooks, etc. Again plaintiff-libellant became ill and suffered the same symptoms. It is plaintiff-libellant's theory that he originally contracted the disease due to the unhygienic conditions negligently created when Sinclair allowed natives to handle food and use the lavatory on board ship, and that the disease was aggravated when Gulf, some three months later, allowed the same unhygienic conditions to exist on its ship.

The propriety of the joinder of the defendants here is governed by Rule 20(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. which reads in part as follows:

"All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences *and* if any question of law or fact common to all of them will arise in the action." [Emphasis supplied.]

If the Court should find an improper joinder of defendants in any case, Rule 21 gives the Court discretion to either drop a party improperly joined or sever the claim against such party and proceed separately with it.

The steamship companies argue that the joinder is improper because plaintiff-libellant has not asserted against them jointly, severally, or in the alternative, a right to relief *arising out of the same occurrence*. The defendant-respondents contend that although a question of law common to them both may arise in the action, Rule 20(a) also requires the claim for relief to be based upon the same occurrence, and plaintiff-libellant's claim for relief is based upon *two separate and distinct occurrences*. Therefore, it is argued, the joinder is improper, and the Court should exercise its discretion to prevent the prejudice to defendant-respondents which would result if the action is tried against both companies at once.

We will not comment upon the merits of defendant-respondents' argument concerning prejudice, since we have concluded that the joinder here is proper under Rule 20(a).

We agree with counsel for plaintiff-libellant when he states:

"In the instant case it is alleged that the defendant-respondent, Sinclair Refining Company, is liable for the plaintiff-libellant's initial injury. It, therefore, would be liable for the natural result likely to flow from that injury. If the aggravation of the original injury specifically charged in the complaint and libel to the defendant-respondent Central Gulf Steamship Corp. is considered to be an intervening act but not a superseding cause, the original tortfeasor would be liable for all of the damages flowing from the original wrong * * *. Thus, the incident which *aggravated* the plaintiff-libellant's injuries * * * would * * * qualify as [the same] occurrence [upon which plaintiff-libellant has based his claim for relief]." Pages 2 and 3 of plaintiff-libellant's Memo.

The case of McNeil v. American Export Lines, Inc., D.C.E.D.Pa.1958, 166 F.Supp. 427 involved a similar situation. In that case plaintiff, a seaman, injured his back while employed by defendant A, and later, while employed by defendant B, this back injury was aggravated. Plaintiff joined A and B in one suit. Defendants' motions for separate trials were denied on the ground that defendant A *might* be liable for *all* the harm flowing from its negligence, *including* the harm produced by the subsequent negligence of B. In that case, as in the case at bar, A and B would be concurrently liable for the harm produced by the aggravation of the original injury. See Restatement of Torts, Section 441 and Comment d. thereunder.

We think that the joinder of the two steamship companies here complies with Rule 20(a) since plaintiff-libellant's claim for relief is based upon two occurrences, the same in nature, *and the second of which might result in concurrent liability of both companies*. The question of law common to both which will arise will be whether or not the employment of the natives was negligent or rendered the ships unseaworthy.

### Order.

And now, to wit, this 17th day of February, 1960, it is hereby ordered that defendants' motions to dismiss or to sever the civil action, and the exceptive allegations of respondent Central Gulf Steamship Corp. in the admiralty action, are denied.