**TRAIL REALTY, INC., a Corporation, Appellant,**

v.

**Ralph G. BECKETT and Elizabeth G. Beckett, Appellees.**

No. 71–1478.

United States Court of Appeals, Tenth Circuit.

June 26, 1972.

Louis A. Silks, Jr., Shawnee Mission, Kan., for appellant.

J. D. Lysaught (Robert H. Bingham, Kansas City, Kan., with him on the brief), Kansas City, Kan., for appellees.

Before LEWIS, Chief Judge, DOYLE, Circuit Judge, and BRATTON, District Judge.

BRATTON, District Judge.

This appeal is from the denial of Trail Realty's action for specific performance of a real estate contract entered into between it and Ralph and Elizabeth Beckett.

Appellant's predecessor in interest had entered into a contract with the Becketts in 1966 to purchase a twenty acre tract of land. The contract was assigned to appellant in October of 1966.

The contract contained a variety of provisions, but only those pertinent to the issues on appeal follow.

The purchase price for the land was $200,000.00. The money was to be paid as follows: a $5,000.00 down payment, which was paid by August 20, 1966; $53,000.00, which was to be paid within thirty days after appellant obtained zoning but in no event later than December 31, 1966; and $142,000.00, which was to be paid by January 31, 1967.

The appellees were to escrow their deed with the bank at the time the $53,000.00 payment was made and deliver it upon payment of the balance.

The contract provided that time was to be of the essence and that a five day grace period would be allowed following each payment date within which the purchaser could still tender payment.

Appellant was unable to arrange financing in time to meet its payment due at the end of December, and it was given a one month extension, at the end of which the entire purchase price would be due. It was still without funds on the payment date in January, and the time for payment was again extended for one month. Ultimately, the time for payment was extended until April 1, 1967, but payment was not tendered on that date. All extensions were given for consideration.

In March, Beckett made a trip to Kansas, and met on March 21 with Patterson and Bell, two of the principals of Trail Realty. He told them that he needed the money from the sale and would grant no further extensions of time. He also told them that the agent who handled the land for him had found another buyer, although he did not know who the buyer was. He asked if Trail would have the money by April 1 and was informed that it might not.

Trail Realty's people at this meeting suggested to Beckett that perhaps an arrangement could be worked out other than the one called for under the existing contract. In essence, they proposed that Beckett take an interest in the property in lieu of payment of all of the purchase price as provided for in the original contract.

A discussion was had concerning what arrangement other than the existing one might interest Beckett, and it was finally agreed that any proposal Patterson and Bell might make should be made in writing and submitted by Trail Realty's attorney to Beckett's attorney prior to the April deadline for payment.

A written proposal was so submitted on the following day.

On April 3, 1967, Beckett's attorney related to Trail Realty's attorney that his client was not interested in what had been proposed and that appellant's failure to tender payment on April 1 had terminated the contract and effected a forfeiture of the monies paid.

Beckett's agent handling the land called Beckett's lawyer soon after April 1 and was told the contract with Trail Realty had not been closed. He wrote a contract for the land on April 4 and took it to the new purchaser to be signed. After it was signed, it was forwarded to the Becketts in Florida. Mrs. Beckett signed it on April 6. Mr. Beckett signed it on the following day and at that time discovered that the purchaser was George Gagel, president of the Valley View State Bank.

Appellant tendered a cashier's check for full payment on April 13, 1967, which was refused. It filed this action two weeks later, seeking specific performance of its contract with the Becketts.

On November 2, 1967, the appellant filed a motion to amend its complaint, seeking to add George W. Gagel and his bank as defendants. As a basis for its motion, appellant related that its principals had attempted to arrange the financing for the purchase of the Becketts' property with Mr. Gagel and his bank. During these negotiations disclosures concerning potential use of the land and corporate and personal financial information had been given to Gagel. Following such disclosures, he had contacted the agent who managed the land for the Becketts and had offered to buy it. This, Trail Realty claimed, was a breach of a fiduciary duty to it, and its amended complaint sought to join Gagel and the bank as defendants and to impress a constructive trust upon the land. Even though the joinder would destroy diversity, appellant argued that the court could hear the claim under its ancillary jurisdiction.

Its motion to thus amend the complaint was denied by the trial court on the ground that the action against the Becketts for specific performance of a real estate contract was an entirely separate claim from its action for breach of a fiduciary duty against Gagel and the bank. Hence, the case proceeded to trial solely against the Becketts.

At the trial, appellant premised its claim to the relief of specific performance on two grounds. First, it charged that there were defects in the defendants' title on April 1 that excused its failure to perform.

Its second claim was that Beckett, at the conference on March 21 and thereafter, had conducted himself in such a way that its principals thought they were conducting negotiations on a new contract and need not meet the time requirements for payment under the existing contract. Thus, they had not attempted to go forward with financing they were then in the process of arranging. All this, it asserted, operated to waive the defendants' right of cancellation and forfeiture.

The trial court found that the alleged title defects were afterthoughts raised only for purposes of trial, noting that none had ever been raised before the April 1 deadline. He further found that none of the claimed defects was substantial and that any such defects could have been cured in the period between deposit of the full purchase price and a subsequent closing date.

On the issue of whether the time requirements for payment had been waived, the court first found that the original contract and the extensions had to be read and construed together, so that time remained of the essence in the matter. It then found that appellant's failure to pay on April 1 was a default under the contract, and on that day the five day grace period began to run. Hence, it concluded, the failure to tender the purchase money by April 6, 1967, was a final default that terminated and voided the contract. It resolved the conflict in the testimony as to what transpired at the meeting of March 21 in favor of Beckett. The court believed that he gave a truthful version of what transpired at the March 21 meeting and thereafter. It found that he in no way misled Patterson and Bell so that they in reliance upon his statements turned down financing they had arranged, concluding, rather, that they were willing to take the chance that they might get a better deal out of Beckett rather than accept a financial arrangement that the evidence showed was not very favorable to them.

Following trial, judgment was entered in favor of the Becketts, and the appellant's subsequent motion for a new trial was denied.

On appeal, Trail Realty argues that it was error to deny its motion to amend the complaint, to deny specific performance, and to deny its motion for a new trial.

The court was clearly correct in denying Trail Realty's motion to amend its complaint. The contention that the proposed addition of defendants and claims is permitted under the Federal Rules of Civil Procedure and the doctrine of ancillary jurisdiction is erroneous. Rule 19 has no application to the present circumstances. First, complete relief can be accorded among those already parties in the absence of the additional parties sought to be joined. Second, disposition of the action would not impair the absent parties' ability to protect any interest they might claim or leave any of those already parties subject to the risk of incurring multiple or inconsistent obligations by virtue of such interest. The attempted joinder of Gagel and the bank would likewise be improper under Rule 20(a). That rule permits joinder of defendants when there is asserted against them any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences and

if any question of law or fact common to all defendants will arise in the action. It does not contemplate joinder where, as here, an attempt is made to incorporate into an existing action a different action against different parties and presenting entirely different factual and legal issues.

■■ The court below resolved the conflict in the testimony regarding the March 21 meeting and what transpired thereafter in favor of the defendants after having had the opportunity to observe the demeanor and candor of the witnesses who testified. It found that Beckett had not by his conduct waived the time requirements of the contract. The court's findings in this regard can be overturned here only if the record reflects that they are clearly erroneous. Keyes v. School Dist. No. 1, Denver, Colo., 445 F.2d 990 (10th Cir. 1971); Hill v. Field, 384 F.2d 829 (10th Cir. 1967); Stoody Company v. Royer, 374 F.2d 672 (10th Cir. 1967). A review of the record will support no such conclusion.

■ Further, there is ample support in the record for the trial court's findings that the appellant never had the money to tender for purchase of the land during the contract period and that on April 6 its rights thereunder expired. In regard to the alleged title defects, suffice it to say that they were properly considered to be insubstantial and curable and did not excuse appellant's failure to timely perform.

It is not necessary to comment further on matters raised by appellant with regard to the court's decision nor upon the court's denial of appellant's motion for a new trial. The action was correctly decided, and the decision below will not be disturbed on this appeal.

Affirmed.