**Robert J. WILKINSON, Jr., Plaintiff,**

v.

**Dr. Dana B. HAMEL, and Dr. Harold H. Hopper, Defendants.**

**Civ. A. No. 74-C-86-R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

Aug. 1, 1974.

See also, D.C., 381 F.Supp. 768.

Robert J. Wilkerson, Jr., in pro per.

Walter H. Ryland, Asst. Atty. Gen., Richmond, Va., for respondents.

OPINION and JUDGMENT

DALTON, District Judge.

This case comes before this court on a "Motion to Implead Additional Defendants", filed *pro se* by Robert J. Wilkinson, Jr., plaintiff. Because of the nature of this motion, this court will treat this motion as one for permissive joinder of additional defendants under Fed. R.Civ.P. 20.

Plaintiff has filed a complaint, *pro se,* on behalf of himself and all other teachers in the Virginia community college system similarly situated against Dr. Harold H. Hopper, President of Virginia Western Community College, and Dr. Dana B. Hamel, Chancellor of the Virginia community college system. In his complaint, plaintiff alleges violation of 42 U.S.C. §§ 1983 and 1985, and seeks reinstatement for himself, $300,000 in compensatory damages, and $200,000 in punitive damages. The gravamen of plaintiff's suit is that Virginia Western's refusal to renew his teaching contract was prompted by his organizing and participating in a Faculty Senate, such activity being protected by the First and Fourteenth Amendments.

The facts giving rise to this motion are these: Plaintiff was employed as an

instructor at Virginia Western from July, 1967 to June, 1970, at which time Virginia Western refused to renew his yearly contract. On January 25, 1974, plaintiff requested in a letter to Virginia Governor Mills E. Godwin that the Governor require binding arbitration in this matter, with the Governor acting as final arbitrator. Plaintiff made a similar request to the Office of Virginia Attorney General Andrew Miller on February 19, 1974 and included a request that the plaintiff be paid $10,000 and reinstated as an assistant professor in complete settlement of all his claims. The Governor's office took no action, referring the plaintiff to Dr. Hamel, Chancellor of the Virginia Community College system. The Attorney General's office refused the plaintiff's settlement offer and further refused to submit the dispute to binding arbitration. The plaintiff now moves this court to join both the Governor and the Attorney General as defendants in his original suit.

Rule 20 provides that a plaintiff may join in one action all persons as defendants "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." As the above quoted language indicates, under Rule 20, not only must the plaintiff demonstrate a right to relief against any additional defendants, but the liability of the additional defendants must in addition, 1) arise out of the same transaction, occurrence, or series of transactions or occurrence and 2) involve a question of law or fact common to all defendants.

In his original complaint, the plaintiff bases his cause of action on occurrences that transpired between March and June, 1970. The occurrences cited in support of plaintiff's present motion transpired in January and February, 1974. Given the facts alleged in his motion, the court seriously doubts that the

plaintiff states a cause of action against the two additional defendants. Nevertheless, even if this court assumes *arguendo* that plaintiff's right to relief against the additional defendants exists, this court finds that with respect to plaintiff's cause of action asserted in his original complaint, such right to relief neither arise out of the same occurrence or series of occurrences nor involves a common question of law or fact as required by Rule 20(a). Joinder of additional parties on the basis of incidents arising almost four years subsequent to those incidents complained of in the original complaint and having no effect on the cause of action previously asserted is improper.

In ruling on this motion, the court has considered the applicability of 42 U.S.C. § 1986, which provides in relevant part as follows:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which the person by reasonable diligence could have prevented; . . . But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

Because plaintiff first contacted the additional defendants in 1974, any effort on their part to assist the plaintiff at that time could not have had any effect on plaintiff's alleged constitutional claims under § 1985 in that any such claims matured four years earlier. Yet, even if this court were to liberally construe plaintiff's *pro se* motion for joinder so as to allege a cause of action under § 1986 against the additional defendants consistent with the requirements of Rule 20, plaintiff is neverthe-

less barred by the one year limitation period stated in § 1986.

For the above reasons, it is adjudged and ordered that plaintiff's motion to join additional defendants is dismissed.

See also D.C., 381 F.Supp. 766.

