**Herman W. KUECHLE, Plaintiff,**

**v.**

**James S. BISHOP et al., Defendants.**

**No. C 74–511.**

United States District Court,
N. D. Ohio, E. D.

Aug. 12, 1974.

Harold H. Sayre, Robert N. Rapp, T. D. McDonald, Kenneth A. Hook, Cleveland, Ohio, for plaintiffs.

Jay A. Hollingsworth, Cleveland, Ohio, for James R. Halls, Jr.

Arter & Hadden, Cleveland, Ohio, for Richard E. Dwight.

Robert M. Nelson, Stotter, Familo, Cavitch, Elden & Durkin Co., Cleveland, Ohio, for Victor T. Johnson.

McNeal, Schick, Archibald & Carlson, Cleveland, Ohio, for E. A. Felmlee and Tom Ford.

Ron Tonidandel, Spieth, Bell, Mc-Curdy & Newell, Cleveland, Ohio, for David S. Ingalls, Jr.

Ralph D. Kovanda, Cleveland, Ohio, for L. A. Caunter & Co. and Lee A. Caunter.

Kenneth G. Weinberg, Ginsberg, Guren & Merritt, Cleveland, Ohio, for Continental Bank and Robert T. Hexter.

Wayne E. Davis, Davis & Levstik, Willoughby, Ohio, for Lake County Nat. Bank.

Harry C. Nester, Hahn, Loeser, Freedheim, Dean & Wellman, Cleveland, Ohio, for The Cleveland Trust. Co.

### MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

This case involves claims by plaintiff that defendant James S. Bishop defrauded and deceived him in regard to investment of securities and related financial transactions, Bishop being aided and abetted in certain aspects of his allegedly unlawful conduct by the remaining defendants. A motion has been filed by defendant Cleveland Trust, seeking severance of those counts containing claims the plaintiff makes against it. Cleveland Trust asserts that its transactions with plaintiff lack a sufficient relationship to those involving the other defendants and are, therefore, improperly joined. The possibility of prejudice to Cleveland Trust arises from the fact that if its motion is not granted, Cleveland Trust would be forced to participate needlessly in discovery and depositions relating to matters not directly involving it. To this end a stay is sought to allow the Court to consider Cleveland Trust's motion. This motion has been joined in by several other defendants. For reasons to be presented, the motion for severance is denied, but a stay of discovery will be granted.

## I. MOTION TO SEVER

■■ The thrust of Rule 20, Federal Rules of Civil Procedure, is to facilitate joinder in those instances when there has been a transaction or series of transactions common to the parties giving rise to a claim for relief and when a common question of law or fact will arise in deciding the issues. In assessing joinder under this rule the Court is operating in an area of considerable discretion. The considerations involved are essentially those of fairness. Eastern Fireproofing Co., Inc. v. United States Gypsum Co., 160 F.Supp. 580 (D.Mass. 1958). It is evident from the Rule itself that not all those joined as defendants need be interested in defending against all claims for relief nor must the plaintiff seek the same relief against each defendant. Moore's Federal Practice, ¶20.06.

■ In determining the propriety of joinder, then, a trial court must analyze the complaint to determine what has been alleged and what claims are made. Then the Court must decide whether or not both requirements of Rule 20 have been met; i. e., is there a common transaction or series of transactions and will there arise a common question of fact or law.

■ In the instant case, plaintiff alleges a course of fraudulent and deceptive dealing entered into by Bishop through which plaintiff was damaged. This plan was designed, it is alleged, to remove as much of plaintiff's money as possible, all to the benefit of Bishop and the other defendants. The scheme allegedly consisted of several parts. At various points, it is alleged, Bishop dealt with the other defendants in designing and operating the various methods used to bilk plaintiff. There are, therefore a series of transactions involved. Further, there are common questions of law, too, in terms of what were the legal du-

ties owed plaintiff by Bishop and, in turn, by the other defendants. This meets the test of joinder in Rule 20.

This is not the situation dealt with in Kenvin v. Newburger, Loeb & Co., 37 F.R.D. 473 (S.D.N.Y.1965), cited by Cleveland Trust. In that case, the plaintiff tried to join claims against four stockbrokers alleging violations of the securities laws. There was no relationship between the brokers other than the fact that they had dealt with the plaintiff and that all the defendants used the same factoring system and were aware that the others used the same method. In granting severance, the Court noted that the plaintiff's right to relief did not arise from the same transaction or series of transactions and joinder therefore was improper. In the instant case, the converse is true and joinder of the claims is appropriate. A case more on point was decided by a Minnesota District Court. In denying a motion for severance in Anderson et al. v. Francis I. duPont & Co., 291 F.Supp. 705 (D.Minn.1968) the Court noted that there were not only legal questions similar to both of the defendant investment companies and the other defendant, the trader who defrauded the plaintiffs, but there was also the trader himself, who was a common factor as to all defendants. The same rationale is applicable to this case.

For these reasons, defendant Cleveland Trust's motion is denied.

## II. MOTION TO STAY DISCOVERY

■ It is apparent that discovery in this case will be lengthy and complex. It is to plaintiff's credit that action to initiate these activities has been taken promptly. However, the Court feels it appropriate to stay the discovery and depositions scheduled by plaintiff until after August 22, 1974 to allow the parties an opportunity to explore methods of reducing the complexity, and attendant costs, of discovery.

It is so ordered.