Reinhold GRUENING

v.

**Nannette SUCIC and Nicholas Sucic**

and

**State Farm Mutual Insurance Company.**

Civ. A. No. 80–1880.

United States District Court,
E. D. Pennsylvania.

March 19, 1981.

William L. Kinsley, Philadelphia, Pa., for plaintiff.

Albert L. Bricklin, Philadelphia, Pa., for Sucic's.

James P. McCabe, Jr., Philadelphia, Pa., for State Farm.

MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

Plaintiff's complaint states two causes of action. Count I is an action against defendants Sucic for personal injuries resulting from the alleged negligent operation of their motor vehicle. Count II is an action against defendant State Farm Mutual Insurance Company (State Farm)—insurer of both plaintiff and the Sucics—in which plaintiff seeks punitive damages. Plaintiff alleges that State Farm maliciously breached its fiduciary relationship with him when

the same insurance adjuster represented both plaintiff and the Sucics, and then used all the information it learned against plaintiff, thereby prejudicing his valid claim against the Sucics.

The Sucics contend that the requirements of permissive joinder, Fed.R.Civ.P. 20(a), have not been met. They therefore seek a severance under Fed.R.Civ.P. 21 which gives the court the power to remedy the misjoinder of parties on motion of a party. For the reasons that follow, I shall grant this motion.

Rule 20(a) permits the joinder of defendants when there is asserted against them any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. *See, e. g., League To Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914 (9th Cir. 1977); *Mosley v. General Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974); *Trail Realty, Inc. v. Beckett*, 462 F.2d 396 (10th Cir. 1972). Although this joinder provision should be construed liberally, *Kedra v. City of Philadelphia*, 454 F.Supp. 652, 661 (E.D.Pa.1978), both parts of this test must be satisfied, *Mesa Computer Utilities, Inc. v. Western Union Computer Utilities, Inc.*, 67 F.R.D. 634, 636 (D.Del.1975) (citing cases).

There were two occurrences or transactions here—the automobile accident and the alleged malicious failure by State Farm later to inform plaintiff of the conflict of interest. The issue, then, is whether there was a "series of transactions or occurrences," Fed.R.Civ.P. 20(a). Plaintiff need not seek the same relief against each defendant. *Kuechle v. Bishop*, 64 F.R.D. 179, 180 (N.D.Ohio 1974). Nevertheless, there must be some "systematic pattern" or logical relation between the tortious events before there is the requisite "series of transactions or occurrences." *Mosley v. General Motors Corp.*, 497 F.2d at 1333; *Kedra v. City of*

Philadelphia, 454 F.Supp. at 662. Such a pattern or relation is absent here. There were two distinct torts committed by different defendants at different times, and they resulted in the invasion of separate legal interests. There is no allegation that the parties were acting in concert or that the Sucics knew of State Farm's misconduct.[1] Moreover, State Farm's alleged misconduct had no legal effect on the cause of action asserted against the Sucics. State Farm may have *hindered* plaintiffs' attempts to settle their claim with the Sucics. But that is insufficient to support permissive joinder. *See Trail Realty, Inc. v. Beckett, supra; Wilkinson v. Hamel*, 381 F.Supp. 766 (W.D.Va.1974). I therefore conclude that plaintiff has not satisfied the first prong of the joinder test.[2] Joinder of the defendants is therefore improper.

Even if plaintiff demonstrated that he met both aspects of rule 20(a), severance would still be appropriate. Although the joinder of parties promotes trial convenience and expediency, *Horton Co. v. International Telephone & Telegraph Corp.*, 85 F.R.D. 369, 371 (W.D.Pa.1980); *Vulcan Society v. Fire Department of City of White Plains*, 82 F.R.D. 379, 390 (S.D.N.Y.1979); *Fair Housing Development Fund Corp. v. Burke*, 55 F.R.D. 414, 422 (E.D.N.Y.1972), fairness is a critical consideration, *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1137, 16 L.Ed.2d 218 (1966); *King v. Pepsi Cola Metropolitan Bottling Co.*, 86 F.R.D. 4, 5 (E.D.Pa.1979); *Kuechle v. Bishop*, 64 F.R.D. at 180. In the present case, joinder would allow the jury to learn that the Sucics were insured. But in a negligence action this is irrelevant and highly prejudicial since

> the jury may be tempted to assess liability where none exists or to arrive at an excessive verdict based on sympathy for an injured plaintiff with the thought that it is not the defendant personally, but an insurance company, which will ultimately

---

1. Plaintiff argues that the Sucics and State Farm may have acted in concert. However, there is no such allegation in the complaint. *See Kuechle v. Bishop*, 64 F.R.D. at 180.

2. Since plaintiff must satisfy both requisites, *see supra*, it is unnecessary to discuss the second element.

be called upon to bear the burden of payment of the verdict.

*Nicholson v. Garris*, 418 Pa. 146, 151, 210 A.2d 164, 166 (1965). The Sucics should not have to confront this danger at trial since their claim of prejudice is well founded. *Cf. Republic of the Philippines v. Pfizer, Inc.*, C.A. No. 78–1158 (E.D.Pa. Feb. 20, 1981) (no foundation for plaintiff's claim of prejudice). I will grant the motion for a severance.