Guadalupe PENA, Beatriz Pena, Maria G. Rodriguez, and Jorge A. Pena, a minor, by and through his Guardian Ad Litem Guadalupe Pena, Plaintiffs,

v.

Eric Michael McARTHUR, State Farm Mutual Automobile Insurance Company, an Illinois corporation; Ana Walters, and Does 1–50, inclusive. Defendants.

No. CV–F–94–5921 REC/SSH.

United States District Court, E.D. California.

Nov. 23, 1994.

Federico Castelan Sayre, Law Offices of Federico Castelan Sayre, Newport Beach, CA, for plaintiffs.

James Patrick Wagoner, McCormick Barstow Sheppard Wayte and Carruth, Fresno, CA, for defendants.

## ORDER RE DEFENDANTS' MOTIONS TO DROP, DISMISS AND SEVER

COYLE, Chief Judge.

On October 17, 1994, this Court heard defendants' motions to drop, dismiss, and sever. Upon consideration of the oral and written record, this Court grants defendants' motions.

## I.  BACKGROUND

This action arises from an automobile accident involving plaintiffs and uninsured motorist McArthur, which led to a dispute concerning plaintiff Pena's agreement with State Farm Mutual Automobile Insurance Company ("State Farm") to settle her claim for uninsured motorist benefits under a State Farm insurance policy.

Guadalupe Pena ("Pena") was involved in an automobile accident with Defendant McArthur on May 22, 1993. Pena was driving the car, and passengers included plaintiffs Beatrice Pena, Maria Rodriguez, and Jorge Pena.[1] McArthur's car collided with Pena's at 55 miles per hour. The police report cited defendant McArthur as the cause of the accident and as driving under the influence.

At the time of the incident, McArthur was uninsured. Pena was insured under a State Farm policy. According to Pena, State Farm and its employee, Walters, had him sign a release agreement written in English which was not translated or interpreted for Pena by an official translator or interpreter, knowing that Pena was Spanish-speaking. Specifically, plaintiff asserts that on May 26, 1993, Pena met with Walters (the State Farm employee) and was provided with a "Release and Trust Agreement." State Farm provided an "interpreter" who apparently was the estimator in the body shop. The Agreement stated that Pena would agree to release all of her bodily injury claims for the sum of $750.00. The Agreement states that the accident was caused by "an unknown driver."

According to plaintiff, Pena's medical bills exceed $6000.00 and State Farm paid out approximately $5000.000 in Med–Pay benefit claims of Pena. However, plaintiff contends that State Farm did not adequately investigate the claim before forcing Pena to ostensibly release all her rights in exchange for the sum of $750.00. Pena alleges that the amount received pursuant to the release agreement was less than the amount in fact due under the policy.

**The complaint,** filed in state court by Pena and the passengers in the car, alleges negligence and various legal theories **against McArthur,** the uninsured motorist who caused the collision, **and against State Farm and its employee Walters** for breach of the duty of good faith and fair dealing, insurance bad faith, violation of California Business and Professions Code § 17200 et seq., and various other theories.

In the complaint, Pena seeks rescission of the release agreement, a declaration that the agreement may be rescinded based upon the alleged fraud of State Farm and Walters, and a declaration as to the parties' respective rights and duties under the State Farm policy issued to Pena.

The defendants gave notice of removal to federal court by motion under 28 U.S.C. § 1441(a). This notice for removal does not

---

1. Plaintiffs are referred to as "Pena" and/or  "plaintiff," based on that party's moving papers.

join McArthur, contending that he is an improper party for joinder. The notice does not include Walters, claiming that she is fraudulently joined because plaintiff has no viable claim against her.

Defendants now move to dismiss Walters, to sever the negligence claim alleged against McArthur, and to dismiss the unfair business practice claim for failure to state a cause of action.

## II. DEFENDANTS' MOTIONS TO DROP, DISMISS AND SEVER

### A. The individual defendant, Walters, is dismissed.

Plaintiff does not oppose dismissal unless State Farm plans to claim that Walters acted outside her scope of employment, thereby reducing State Farm's liability. Since State Farm submits an affidavit accepting full responsibility for all of Walters' actions, the defendant Walters is dismissed.

### B. Defendants' motion to sever the claim against McArthur is granted.

Defendants argue for severance of plaintiff's negligence claim against McArthur because defendants McArthur and State Farm have been misjoined. They contend that the requirements of permissive joinder, Fed.R.Civ.P. 20(a) have not been met. Thus, they seek a severance under Fed.R.Civ.P. 21 which gives the court the power to remedy the misjoinder of parties on motion of a party.[2]

In *Gruening v. Sucic and State Farm Mutual Insurance Company*, 89 F.R.D. 573 (E.D.Pa.1981), the court addressed the issue of severance pursuant to Rule 21 in a very similar factual scenario. There, plaintiffs brought suit against individual defendants for personal injury resulting from an automobile accident, and against their insurer, State Farm, for malicious failure to inform plaintiff of the conflict of interest present because State Farm also insured the other drivers involved, who were the individual defendants. The court held that the individual defendants were entitled to severance in order to remedy misjoinder of parties for the following reasons.

"Rule 20(a) permits the joinder of defendants when there is asserted against them any right to relief arising out of the same transaction, occurrence or series of transactions or occurrences and if any questions of law or fact common to all defendants will arise in the action ... Although this joinder provision should be construed liberally, ... both parts of this test must be satisfied ...

There were two occurrences or transactions here—the automobile accident and the alleged malicious failure by State Farm later to inform plaintiff of the conflict of interest. The issue, then, is whether there was a "series of transactions or occurrences".... Plaintiff need not seek the same relief against each defendant. *Kuechle v. Bishop*, 64 F.R.D. 179, 180 (N.D.Ohio 1974). Nevertheless, there must be some "systematic pattern" or logical relation between the tortious events before there is the requisite "series of transactions or occurrences." *Mosley v. General Motors*, 497 F.2d [1330] at 1333 [ (8th Cir.1974) ].... Such a pattern or relation is absent here. There were two distinct torts committed by different defendants at different times, and they resulted in the invasion of separate legal interests. There is no allegation that the parties were acting in concert or that the Sucics knew of State Farm's misconduct. Moreover,

---

2. **Rule 20(a)** provides in pertinent part: "All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities."

**Rule 21** provides: "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."

State Farm's alleged misconduct had no legal effect on the cause of action asserted against the Sucics. State Farm may have hindered plaintiff's attempts to settle their claim with the Sucics. But that is insufficient to support permissible joinder. See *Trail Realty, Inc., v. Beckett,* 462 F.2d 396 (10th Cir.1972); *Wilkinson v. Hamel,* 381 F.Supp. 766 (W.D.Va.1974)."

Similarly in this case, there were two occurrences or transactions—the automobile accident between plaintiff and McArthur and the alleged breach of fiduciary duty by State Farm in handling plaintiff's claim. These are two distinct torts (negligence and bad faith claim) committed by different defendants at different times, and they resulted in the invasion of separate legal interests. Additionally, there is no allegation that the named defendants acted in concert or that McArthur knew of State Farms alleged misconduct. Accordingly, joinder is improper.

Plaintiff does *not* argue that joinder is proper. Instead, she argues that even if joinder is improper, this Court should retain ancillary jurisdiction over the negligence claim in the interests of judicial economy. The plaintiff argues that establishment of plaintiff's bad faith claim against State Farm will require analysis of the underlying claim. To prove the underlying claim, plaintiff plans to call defendant McArthur and the investigating officer to demonstrate the clear liability of the negligence claim. The same witnesses will be necessary in terms of the bad faith action, in order to establish that the claim was one of clear liability which had been investigated by the police and for which a police report had been generated.

Joinder of parties promotes trial convenience and expediency. *Gruening,* supra 89 F.R.D. at 574; *Horton Co. v. International Telephone & Telegraph Corp.,* 85 F.R.D. 369, 371 (W.D.Pa.1980). "In assessing joinder under this rule [FRCP 20] the Court is operating in an area of considerable discretion." *Kuechle v. Bishop,* 64 F.R.D. 179, 180 (N.D.Ohio 1974). "In determining the propriety of joinder, then, a trial court must analyze the complaint to determine what has been alleged and what claims are make. Then the Court must decide whether or not

both requirements of Rule 20 have been met; i.e., is there a common transaction or series of transactions and will there arise a common question of fact or law." *Id.* at 180. However, Rule 20 "does not contemplate joinder, where ..., an existing attempt is made to incorporate into an existing action a different action against different parties and presenting entirely different factual and legal issues." *Trail Realty, Inc., v. Beckett,* 462 F.2d 396, 400 (10th Cir.1972).

Here, plaintiff argues that proof of the bad faith claim will require analysis of the underlying negligence claim. However, "analysis" of the underlying claim in the bad faith action is not identical to the underlying negligence claim itself. The gravamen of a bad faith action "is found in the *unreasonable* conduct of the carrier measured against its duty arising under the implied covenant of good faith and fair dealing present in every insurance contract." *Blake v. Aetna Life Ins. Co.,* 99 Cal.App.3d 901, 160 Cal.Rptr. 528 (1979). Thus, the focus of the bad faith claim is the conduct of State Farm when it presented the Release Agreement to Pena. Relevant facts will include the extent of liability of the other driver that State Farm knew or should have known about—not the actual negligence of the other driver as determined by the jury after a full trial. Although *some* similar factual issues may exist between the claims, plaintiff is attempting to join different defendants in two different actions presenting different factual and legal issues; Rule 20 does not contemplate such a joinder.

Moreover, plaintiff's reliance on *Bailey v. Scholler,* 630 F.Supp. 337 (D.Mont.1986), is misplaced. There, the court held that a motorists claim against her insurer for bad faith was "separate and independent" from her negligence claim against defendant individual motorist, within 28 U.S.C.A. § 1441(c), providing that the entire case may be removed where separate and independent claim which would be removable is joined with a claim that is not removable. However, the district court held that it would continue ancillary jurisdiction over the negligence claim in the interests of judicial economy.

*Bailey* is distinguishable. While plaintiff quotes the court's language regarding "the

reluctance of federal courts to split actions so that one part is in federal court and the remaining part is remanded to state court," *Bailey*, 630 F.Supp. at 340, she fails to mention the details upon which the court specifically relied in reaching its finding that retention of the claim promoted judicial economy. There, discovery was complete. Trial was less than one week away. All pretrial motions had been heard. Both parties were ready for trial. Therefore, remand of the negligence claim would cause unnecessary delay and expense. Here, none of these factors are present. No trial date has been set, the scheduling conference has not been held, and discovery has not begun.[3]

■ Fairness is a critical consideration in determining whether severance is appropriate. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1137, 16 L.Ed.2d 218 (1966). Although the plaintiff here seeks to keep both the uninsured motorist and the insurance company together, note that in *Gruening*, supra, the court found that joinder would unfairly allow the jury to consider the fact that the defendant was insured in determining negligence. Here, plaintiff's case may be prejudiced because the jury will know that he was insured, albeit inadequately, and that the defendant McArthur is uninsured which may render him more sympathetic to the jury as they consider negligence and damages. Moreover, joinder may prejudice the defendant because the jury may confusion evidence showing McArthur's negligence with the evidence State Farm knew or should have known about at the time the Release Agreement was signed.

Joinder would also create problematic evidentiary issues. For instance, the individual defendant McArthur will seek to exclude the police report generated by the accident which states he was driving under the influence, and the plaintiff will argue that the police report document is a critical fact that shows State Farm should have further investigated her claim.

*C. Defendants' motion to dismiss the fourth cause of action based on California Business and Professions Code § 17200 is granted.*

■ A private litigant may plead a cause of action under the § 17200 of the Unfair Business Practices Act only for injunctive or restitutionary relief. *Industrial Indemnity Co. v. Superior Court*, 209 Cal.App.3d 1093, 257 Cal.Rptr. 655 (1989). Plaintiff, however, has not prayed for either injunctive or restitutionary relief in the complaint. Plaintiff now requests leave to amend the complaint.

However, even if plaintiff does amend to include such relief, the complaint is still insufficient to state a cause of action upon which relief can be granted. In *State of California ex rel. Van de Kamp v. Texaco, Inc.*, 46 Cal.3d 1147, 252 Cal.Rptr. 221, 762 P.2d 385 (1988), the California Supreme Court held that a complaint by the Attorney General challenging a merger between two competing oil companies which attacked only the merger, and no ongoing conduct, did not state a cause of action under § 17200. The court stated:

> "As we have said, the statute is directed at "'ongoing wrongful business conduct'...." (*People v. McKale* (1979) 25 Cal.3d 626 [159 Cal.Rptr. 811, 602 P.2d 731)] ... **Thus the 'practice' requirement envisions something more than a single transaction,** as in this case; it contemplates a 'pattern' ... of 'conduct.' (*Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 108 [101 Cal.Rptr. 745, 496 P.2d 817)] ..., 'ongoing ... conduct' (id., at p. 111 [101 Cal.Rptr. 745, 496 P.2d 817] ), 'a pattern of behavior' (id., at p. 113 [101 Cal.Rptr. 745, 496 P.2d 817] ), or 'a course of conduct.' (Ibid.)" [emphasis added]

The court found that complaint's mere allegation that defendants had engaged in cer-

---

3. Similarly, plaintiff's reliance on *Jonas v. Conrath*, 149 F.R.D. 520 (S.D.W.Va.1993) is not compelling because that case is factually distinguishable. There, the insured asserted a medical malpractice claim against its ophthalmologist and a claim to compel payment for expenses incurred after consultation with this ophthalmologist. Indeed, in footnote 10, the *Jonas* court distinguished *Gruening* by its facts, noting that joinder under different facts creates different risks of prejudice.

408

tain unlawful practices in the past and may do so in the future was not enough to state a cause of action under § 17200. A complaint must attack **ongoing conduct** to be sufficient.

Here, the complaint contains allegations regarding State Farm's conduct with respect to a *single claim.* Plaintiff has failed to allege sufficient ongoing conduct to state a cause of action under § 17200, and the claim is dismissed.

ACCORDINGLY IT IS ORDERED THAT defendants' motion to dismiss Walters is granted.

IT IS FURTHER ORDERED THAT defendants' motion to sever the claim against McArthur is granted.

IT IS FURTHER ORDERED THAT defendants' motion to dismiss the fourth cause of action is granted.