Beaulieu v. Concord Ins. Company    CV-02-185-JM  07/25/02  P

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW HAMPSHIRE

Patti A. Beaulieu

   v.                                          Civil No. 02-185-JM
                                             Opinion No. 2002 DNH 141

The Concord Group Insurance Company
and Judy Y. Huang

## **O R D E R**

On June 11, 2002, Defendant Judy Y. Huang ("Huang") filed a Motion to Sever (document no. 6) seeking an order severing the plaintiff's claim against Huang from the plaintiff's claim against The Concord Group Insurance Company ("Concord Group"). For the reasons set forth below, Huang's motion is granted.

### Background

This is an action based on breach of contract and negligence. The Plaintiff Patti A. Beaulieu ("Plaintiff") asserts that this Court has jurisdiction to hear this matter based on diversity of citizenship. See 28 U.S.C. § 1332. The following facts are taken from the Complaint and are assumed to be true for the purposes of Huang's motion.

On September 15, 1998, Plaintiff's car was struck from the rear by a car driven by Melchoir H. Joseph ("Joseph") as Plaintiff was exiting off Interstate Highway 91 in Vermont. Plaintiff suffered serious injuries as a result of this accident. On that date, Plaintiff had automobile insurance with Concord

Group that provided coverage against uninsured and underinsured motorists.  At the time of the accident Joseph had $25,000 of automobile liability coverage through his insurer.

At some unspecified point, Plaintiff agreed to accept the $25,000 available under Joseph's insurance policy in exchange for a liability release.  Prior to accepting this settlement, Plaintiff explicitly preserved her right to pursue coverage from Concord Group under her insurance policy for underinsured motorist bodily injury claims.

While traveling in Hanover, New Hampshire on February 9, 2000, Plaintiff's car was struck from the rear by a car driven by Huang.  As a result of this accident, Plaintiff's injuries from the accident with Joseph were aggravated and Plaintiff suffered additional injuries.

On May 7, 2001, Concord Group informed Plaintiff that it took the position that Plaintiff's injuries arising from the accident with Joseph did not have significant value beyond the $25,000 settlement that Plaintiff received from Joseph's insurer.  Plaintiff disputed Concord Group's assertion.  She sought to arbitrate her claim with Concord Group, but Concord Group denied her arbitration request.

Plaintiff commenced this action on April 24, 2002 naming Concord Group and Huang as defendants.

2

## Discussion

### I. Legal Standard

Misjoinder of parties is addressed in Rule 21 of the Federal Rules of Civil Procedure.[1] The rule does not define the grounds for misjoinder, but it is well-settled that parties are misjoined when the preconditions for permissive joinder in Rule 20(a) are not met. Maldonado Cordero v. AT&T, 190 F.R.D. 26, 28 (D.P.R. 1999); Pacific Indem. Co. v. Connecticut Light & Power Co., No. 3:94CV01658, 1997 WL 409522 at *1 (D. Conn. June 13, 1997); Glendora v. Malone, 917 F. Supp. 224, 227 (S.D.N.Y. 1996).

To properly join two or more defendants in one action, the plaintiff must allege facts that show: (1) that the right to relief asserted against the defendants arises out of the same transaction, occurrence, or series of transactions or occurrences, and (2) that a question of law or fact in common to both defendants will arise in the action. See Fed. R. Civ. P. 20(a). When appropriate, the joinder rules result in beneficial

---

[1]The rules provides in relevant part that:

> Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Fed. R. Civ. P. 21.

economies of scale and judicial efficiency by resolving related issues in a single lawsuit.  See Pujol v. Shearson/Am. Express Inc., 877 F.2d 132, 134 (1st Cir. 1989).  Therefore, the preconditions for permissive joinder are construed liberally in order to promote the broadest scope of action consistent with fairness to the parties.  See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966).  However, the determination of whether parties have been misjoined lies within the sound discretion of the district court.  New York v. Henrickson Bros., Inc., 840 F.2d 1065, 1082 (2d Cir.), cert. denied, 488 U.S. 848 (1988); Pacific Indemnity Company, 1997 WL 409522 at *1; Glendora, 917 F. Supp. at 227.  In the instant action, Plaintiff does not meet the preconditions for permissive joinder because Plaintiff's claims against Concord Group and Huang do not arise from the same transaction or occurrence.

II.  The Requirement of Transactional Relatedness

A review of the most factually analogous federal authorities on misjoinder show that Plaintiff cannot meet the requirement of transactional relatedness required for permissive joinder.  In Pena v. McArthur, 889 F. Supp. 403 (E.D. Cal. 1994), State Farm Mutual Automobile Insurance Company ("State Farm") moved to sever the plaintiff's negligence claim against McArthur from the plaintiff's bad faith claim against State Farm.  The court

4

granted State Farm's motion finding that two occurrences or transactions were involved.  Id. at 406.  The court found that these were "two distinct torts (negligence and bad faith claim) committed by different defendants at different times, and they resulted in the invasion of separate legal interests."  Id.  The court also noted that there was no allegation that the defendants acted in concert.  Id.

Similarly, in Gruening v. Sucic, 89 F.R.D. 573 (E.D. Pa. 1981), the plaintiff brought suit against the Sucics for personal injuries and against State Farm for malicious breach of its fiduciary duty to plaintiff in representing both the plaintiff and the Sucics with respect to the car accident in question.  The court granted the individual defendants' motion for severance.  Id. at 574.  The court found that the plaintiff stated two distinct torts committed by different defendants at different times, and that they resulted in the invasion of separate legal interests.  Id.  Additionally, the court noted that there was no allegation that the defendants acted in concert, and that State Farm's alleged misconduct had no legal effect on the cause of action asserted against the Sucics.  Id.

The reasoning of Pena and Gruening applies with even greater force to the instant case.  Plaintiff's claims against Concord Group and Huang seek remedies for deprivations of two separate

5

legal interests -- contractual coverage for accidents caused by underinsured motorists, and a remedy for alleged negligent driving. Moreover, unlike in Pena and Gruening, Plaintiff's claims arise out of two distinct car accidents. These two car accidents, although similar in nature, involve two different drivers, in two different locations, separated by a span of nearly fifteen months. And, like Pena and Gruening, there is no allegation that the defendants acted in concert. Plaintiff's claims do not meet the transactional relationship test for permissive joinder under Rule 20(a).

The cases cited by Plaintiff in support of her opposition to Huang's Motion to Sever are inapposite. Most notably, Plaintiff cites Poster v. Central Gulf Steamship Corp., 25 F.R.D. 18 (E.D. Pa. 1960), and McNeil v. American Export Lines, Inc., 166 F. Supp. 427 (E.D. Pa. 1958), in support of her contention that joinder of Concord Group and Huang in a single action is proper. In both Poster and McNeil, the court found that a plaintiff could sue two defendants in the same action for allegedly committing similar negligent acts at different times. Poster, 25 F.R.D. at 20; McNeil, 166 F. Supp. at 428. In those cases, the courts found that the defendants might be concurrently liable for the harm suffered by the plaintiffs. Poster, 25 F.R.D. at 20; McNeil, 166 F. Supp. at 428. Those cases are distinguishable

6

from the instant case because Plaintiff's claims here seek remedies for deprivations of two separate legal interests. Although Plaintiff will need to establish the underlying facts of her car accident with Joseph and her injuries from that accident to recover on her breach of contract claim, that does not make her claim against Concord Group a negligence claim. See Pena, 889 F. Supp. at 406 (finding that the necessity for "analysis" of an underlying negligence claim in a bad faith claim against an insurer does not make the bad faith claim identical to the underlying negligence claim). The ultimate issue in Plaintiff's claim against Concord Group is not whether Joseph was negligent, but whether Plaintiff is entitled to compensation under her insurance policy for the injuries she incurred in the accident.[2]

The Court also finds it significant that the two incidents alleged by Plaintiff are separated by a span of nearly fifteen months. Even in cases where the plaintiff contends that the defendants are successive joint tortfeasors, which is not the case here, at some point a lapse in time makes the logical relationship between the acts too attenuated to find that the acts are part of the same transaction or occurrence. See Greuning, 89 F.R.D. at 574 (finding that there must be some

---

[2]Joseph's alleged negligence is a subsidiary issue in Plaintiff's action against Concord Group.

7

systematic pattern or logical relation between tortious events before there is a requisite "series of transactions or occurrences").  So it is here.

The Court appreciates Plaintiff's motivation for joining Concord Group and Huang in the same suit -- to combat the possibility of either defendant seeking to avoid liability for Plaintiff's injuries by pointing the finger at the absent defendant.  Under the circumstances alleged in this action, however, it is fair to all parties and reasonable to require the Plaintiff to separately prove the defendants' liability.

<u>Conclusion</u>

For the foregoing reasons, Huang's Motion to Sever (document no. 6) is granted.  The clerk is instructed to drop Defendant Judy Y. Huang as a defendant in this case and to open a separate case for the Plaintiff against Huang.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: July 25, 2002

cc:  W. John McNally, III, Esq.
     Dennis T. Ducharme, Esq.

8