**UNITED STATES**

v.

**Mark A. CARTER, Defendant.**

**Crim. A. No. 95–0212 (PLF).**

United States District Court,
District of Columbia.

Oct. 24, 1995.

Anthony Hector Asuncion, Assistant United States Attorney, Washington, DC, for plaintiff.

Leigh A. Kenny, Federal Public Defender for the District of Columbia, Washington, DC, for defendant.

### MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

This case came before the Court on Defendant's Motion to Dismiss Count One for Fail-

**2**

ure to State an Offense and the government's opposition thereto. Having considered the papers submitted by the parties and the arguments of counsel in open court, the Court finds that Count One of the indictment is sufficient to state an offense and therefore denies defendant's motion.

## I. DISCUSSION

Defendant Mark Carter was charged under 18 U.S.C. § 922(g)(1). That statute reads in part as follows:

(g) It shall be unlawful for any person—

(1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . .

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Count One of the grand jury indictment charging Mr. Carter reads in relevant part:

On or about August 1, 1995, within the District of Columbia, MARK A. CARTER, having been convicted of a crime punishable by imprisonment for a term exceeding one year . . . did unlawfully and knowingly receive and possess a firearm, that is, a IMI 9mm semi-automatic rifle, which had been possessed, shipped and transported in and affecting interstate and foreign commerce. (Unlawful Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1)).

Defendant argues that Count One fails to state an offense because the language of the indictment does not track the language of the statute and that, as written, it would permit a jury to convict him of conduct that does not constitute an offense under the statute. The Court disagrees.

■ Rule 7 of the Federal Rules of Criminal Procedure requires only that an indictment "be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). Its purpose is to assure that defendants are fairly informed of the charges against which they must defend so that they may prepare a defense, and to permit them to plead former jeopardy upon any subsequent prosecution. *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974); *United States v. Hernandez*, 980 F.2d 868, 871 (9th Cir.1992); *United States v. Clarridge*, 811 F.Supp. 697, 711–12 (D.D.C.1992); *see also* 1 Charles Alan Wright, FEDERAL PRACTICE AND PROCEDURE §§ 123, 125 (2d ed. 1982). It is not necessary that an indictment recite the exact language of the statute or precisely track its language. *United States. v. Poole*, 929 F.2d 1476, 1479 (10th Cir.1991).

As the Fifth Circuit explained in *United States v. Wiley*, 979 F.2d 365, 367 (5th Cir. 1992) (quoting *United States v. Chaney*, 964 F.2d 437, 446 (5th Cir.1992)):

An indictment is sufficient if it (1) contains the elements of the offense charged, (2) fairly informs a defendant of the charge, and (3) enables the defendant to plead acquittal or conviction in bar of future prosecutions for the same offense. "Practical, not technical, considerations govern the validity of an indictment and the test of the validity of an indictment is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards."

*See also United States v. Shelton*, 937 F.2d 140, 142 (5th Cir.1991); *United States v. Poole*, 929 F.2d at 1479.

■ Count One of Mr. Carter's indictment satisfies these requirements. It contains the essential elements of the crime charged and provides adequate notice of the nature of the crime. The combination of the code citation, the recitation of the requirements of the statute and the description of the firearm at issue renders Count One a "plain, concise and definite" statement of the essential facts constituting the offense and enables Mr. Carter both to defend against the charge in this case and to avoid future prosecution for the same offense. *See United States v. Hernandez*, 980 F.2d at 871; *United States v. Wiley*, 979 F.2d at 367.

3

Defendant argues that as the indictment now reads, a jury could impermissibly convict him of possessing a firearm that had been possessed by another person in or affecting interstate commerce without finding that Mr. Carter himself possessed the firearm in or affecting commerce. Defendant asserts that the jury must find that Mr. Carter's own possession was in or affecting commerce. Defendant also maintains that the indictment would impermissibly allow a jury to convict him merely of "receiving" a firearm that previously had been possessed in or affected interstate commerce without finding that the firearm had been shipped or transported (not possessed) in interstate commerce.

■ Defendant misreads the requirements of the statute. The phrase "in or affecting commerce" in Section 922(g) demands only "the minimal nexus that the firearm have been, at some time, in interstate commerce." *Scarborough v. United States*, 431 U.S. 563, 575, 97 S.Ct. 1963, 1969, 52 L.Ed.2d 582 (1977) (upholding Section 922's predecessor Section 1202); *United States v. Poole*, 929 F.2d at 1479. Congress had "little concern for when the nexus with commerce occurred." *Scarborough v. United States*, 431 U.S. at 577, 97 S.Ct. at 1970. Under the *Scarborough* minimal nexus standard, therefore, "a past connection [between possession and interstate commerce] is enough." *United States v. Hanna*, 55 F.3d 1456, 1462 (9th Cir.1995) (quoting *United States v. Sherbondy*, 865 F.2d 996, 1000–01 (9th Cir.1988)); *see Scarborough v. United States*, 431 U.S. at 567–69, 97 S.Ct. at 1965–66; *United States v. Houser*, 746 F.2d 55, 59–60 (D.C.Cir.1984). A jury thus could legitimately convict Mr. Carter under Section 922(g) by finding that the semi-automatic rifle had at some point been in or affected interstate or foreign commerce. *United States v. Hanna*, 55 F.3d at 1462; *United States v. Williams*, 893 F.Supp. 617, 621 (S.D.W.Va.1995).

■ With respect to defendant's second argument, the fact that an indictment may charge in the conjunctive rather than the statutory disjunctive is not only permissible but may indeed be required. *United States v. Joseph*, 892 F.2d 118, 125 (D.C.Cir.1989). *See United States v. Bader*, 698 F.2d 553, 555 (1st Cir.1983) ("[W]hen a statute is phrased in the disjunctive, it is well established that a criminal complaint based on that statute must be phrased in the conjunctive.") (citing Charles Alan Wright § 125 ("The use of 'and' merely notifies the defendant that the government will try to prove each of the connected offenses listed in the complaint.")). Count One's descriptive terms "possessed, shipped and transported" all modify the conduct "receive and possess." There is thus no ambiguity that the government must fulfill the jurisdictional requirement of showing a nexus with interstate commerce for either kind of conduct. As the Fifth Circuit has held in a similar context:

> [T]he language of the firearm count is not improper. "Where a penal statute ... prescribes several alternative ways in which the statute may be violated and each is subject to the same punishment, ... the indictment may charge any or all of the acts conjunctively, in a single count, as constituting the same offense, and the government may satisfy its burden by proving that the defendant, by committing any one of the acts alleged, violated the statute." That is what happened in this case. 18 U.S.C. § 922(g)(1) makes it unlawful for a convicted felon to ship, transport, receive, or possess a firearm in interstate commerce. Each is an alternative way to violate the statute; each is subject to the same punishment. The indictment charged two of these methods: transportation and possession of the Excam pistol found in Wiley's luggage. The jury was instructed that it had to find only one in order to convict.

*United States v. Wiley*, 979 F.2d at 368 (quoting *United States v. Burton*, 871 F.2d 1566, 1573 (11th Cir.1989)).

■ It is true that the statute treats possession and receipt of firearms in two separate clauses. The same minimal nexus described in *Scarborough*, however, applies to each clause. *United States v. Shelton*, 937 F.2d 140, 143 (5th Cir.1991), *cert. denied*, 502 U.S. 990, 112 S.Ct. 607, 116 L.Ed.2d 630 (1991) (citing *Scarborough v. United States*, 431 U.S. 563, 567–69, 97 S.Ct. 1963, 1965–66, 52 L.Ed.2d 582 (1977)). Indeed, the Fifth

**4**

Circuit rejected an interpretation identical to Mr. Carter's, reasoning that such a "position only makes sense if one can really believe that Congress intended to differentiate the crimes of illegal possession and receipt or shipment in terms of different levels of involvement of interstate commerce.... [W]e find that construction so unlikely as to border on the absurd." *United States v. Shelton,* 937 F.2d at 143; *see also United States v. Merritt,* 882 F.2d 916, 919 (5th Cir.1989), *cert. denied.,* 496 U.S. 907, 110 S.Ct. 2592, 110 L.Ed.2d 273 (1990). This Court thus finds that Mr. Carter's indictment sufficiently alleges the nexus between receipt and interstate or foreign commerce to satisfy the statutory requirements of Section 922(g).

## II. CONCLUSION

Defendant has failed to demonstrate the insufficiency of Count One of the indictment either under Rule 7, Fed.R.Crim.P., or under the governing case law. Defendant has been put on notice of the conduct for which he is being charged and the nexus between the firearm at issue and interstate commerce that the government intends to show. Accordingly it is hereby

ORDERED that defendant's motion to dismiss Count One of the indictment is DENIED.

SO ORDERED.