**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM MAUNZ,

      Petitioner - Appellant,

v.

DENVER DISTRICT COURT;
COLORADO ATTORNEY
GENERAL,

      Respondents - Appellees.

No. 05-1257

D. Colorado

(D.C. No. 05-Z-119)

**ORDER**

Before **HARTZ**, Circuit Judge, **SEYMOUR**, Senior Circuit Judge, and
**McCONNELL**, Circuit Judge.

William Maunz, an inmate in the Denver County Jail, seeks a certificate of appealability (COA) so that he can appeal the district court's dismissal of his application for habeas relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1) (requiring COA to appeal denial of § 2254 relief). We deny a COA and dismiss his appeal.

Mr. Maunz initiated this action pro se in January 2005 by signing and mailing to the United States District Court for the District of Colorado a document titled "Motion to Dismiss Criminal Charge Writ of Habeas Corpus Title 28 § 2254." The pleading alleges that Mr. Maunz was denied the right to a

speedy trial, the right to a preliminary hearing, the ability to cross-examine witnesses, and the right to subpoena documents, and that he had received ineffective assistance of counsel during what were apparently two separate court proceedings in which he was convicted of second-degree burglary and misdemeanor theft. The magistrate judge entered an order on January 25 that (1) directed the court clerk to commence a civil action and mail Mr. Maunz the proper forms for seeking leave to proceed *in forma pauperis* and for filing an application under § 2254, and (2) directed Mr. Maunz to file a proper § 2254 application and either pay the filing fee or file a motion under 28 U.S.C. § 1915 for leave to proceed *in forma pauperis*. The order provided that the action would be dismissed if Mr. Maunz did not cure these deficiencies within 30 days.

On March 4 Mr. Maunz filed a motion (on the official form) for leave to proceed *in forma pauperis* and a motion for an extension of time. The magistrate judge granted the extension on March 8, giving Mr. Maunz 30 days from that date "to cure the deficiencies in this action." R. Doc. 8.

Mr. Maunz did not, however, submit an application for a writ of habeas corpus on the proper form within the allotted time. The district court therefore dismissed the action without prejudice on April 18 and denied as moot the motion seeking leave to proceed *in forma pauperis*.

On May 31 Mr. Maunz filed a timely notice of appeal. On June 2 the district court found the notice of appeal to be deficient because Mr. Maunz had not submitted a filing fee or a motion for leave to proceed on appeal under 28 U.S.C. § 1915 and Fed. R. App. P. 24. The court therefore ordered the clerk to mail the proper forms to Mr. Maunz. That same day the district court denied a COA after having reviewed the record and deciding that Mr. Maunz had failed to make a substantial showing of the denial of a constitutional right.

On June 8 Mr. Maunz filed a Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 in a Habeas Action. Two days later the district court issued an order denying leave, explaining that the appeal was not taken in good faith because Mr. Maunz had not "shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." R. Doc. 15 at 1.

Mr. Maunz now seeks a COA from this court. *See* 28 U.S.C. § 2253(c)(1). The Supreme Court has held:

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.* at 484. Mr. Maunz has not met this burden.

Rule 2(d) of the Rules Governing Section 2254 Cases provides that an application for relief under § 2254 "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." The Colorado local rule states: "A pro se prisoner shall use the forms established by this court to file an action. Upon request, the clerk shall provide copies of the necessary forms and instructions for filing an action." D. Colo. Civ. R. 8.2(A). Although a pro se litigant's pleadings are to be liberally construed, he still must follow the rules of federal procedure. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002). On appeal a dismissal for failure to follow local rules is reviewed under an abuse-of-discretion standard. *See Murray v. Archambo*, 132 F.3d 609, 610 (10th Cir. 1998).

After being directed to do so by the magistrate judge, Mr. Maunz failed to file an application for a writ of habeas corpus on the proper form designated and provided by the district court. Although his case was dismissed without prejudice

-4-

and he was therefore free to refile in district court, Mr. Maunz did not file a proper application but instead sought relief in this court. We hold that no jurist of reason would determine that the district court abused its discretion in dismissing Mr. Maunz's action for failure to follow the local rule. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980) (dismissing prisoner's pro se filing for failure to use form prescribed by local rules).

We therefore DENY a COA and DISMISS the appeal. We DENY Mr. Maunz's various motions.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge