**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 21, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ERIC LYNN SOEKEN,

      Petitioner-Appellant,

v.

AL ESTEP, WARDEN, FREMONT
CORRECTIONAL FACILITY,
ATTORNEY GENERAL OF THE
STATE OF COLORADO, AND
STATE OF COLORADO,

      Respondents-Appellees.

No. 07-1516

(D. of Colo.)

(D.C. No. 07-cv-2031-ZLW)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

    Eric Lynn Soeken, a Colorado state prisoner appearing pro se, seeks a

certificate of appealability (COA) to challenge the district court's dismissal of his

28 U.S.C. § 2254 petition for failure to cure filing deficiencies. Because the

---

    [*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

district court did not abuse its discretion in dismissing without prejudice Soeken's petition, we DENY his request for a COA.

## I. Background

On November 27, 2006, a state court in Colorado sentenced Soeken to a prison term of two years to life for sexual assault on a child. Appearing pro se,[1] Soeken filed in the United States District Court for the District of Colorado a habeas corpus application under § 2254 and a motion to proceed *in forma pauperis* (IFP). On September 28, 2007, the magistrate judge ordered Soeken to cure deficiencies by refiling within 30 days his habeas and IFP petitions on proper forms. Soeken ignored the order. Thus, on November 8, 2007, the district court dismissed without prejudice Soeken's habeas petition for failure to cure deficiencies; the court also dismissed the IFP petition as moot.

Then on November 30, the district court denied Soeken's motion for reconsideration, explaining that even if Soeken had received, as he claimed, only the magistrate judge's certificate of mailing and not the order and forms themselves, Soeken was on notice that an order had been entered in his case and should have asked about it.

---

[1] Because Soeken is proceeding pro se, we review his petition liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. Discussion

Instead of refiling his habeas petition on proper forms, Soeken now seeks a COA from this court. To obtain a COA, Soeken must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). To satisfy this standard, Soeken must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* at 484. Soeken has not met the burden of demonstrating the district court judge erred in dismissing his habeas petition on procedural grounds.

We review the district court's dismissal for an abuse of discretion. *Joplin v. Sw. Bell. Tel. Co.*, 617 F.2d 1274, 1275 (10th Cir. 1982) (per curiam); *Maunz v. Denver Dist. Court*, 160 F. App'x 719, 721 (10th Cir. 2005).

A district court possesses broad discretion in determining whether to dismiss a petition without prejudice for failing to comply with court orders. *See, e.g.*, 8 James Wm. Moore et al., *Moore's Federal Practice* ¶ 41.53 (3d ed. 2007)

("When the dismissal is without prejudice, an abuse of discretion will generally not be found, since the plaintiff may simply refile the suit."). "[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005); *Maunz*, 160 F. App'x at 721 (denying a COA when the district court dismissed without prejudice the habeas petition for failure to file the petition and the corresponding IFP motion on proper forms).

Soeken fails to explain how the district court abused its discretion in dismissing his petition. Our independent review of the record reveals no explanation why he did not ask about perceived clerical errors when he received the clerk's certificate of mailing, but not the court order or the forms themselves. In the 30 days provided by the order, he had ample time to ask for the order and obtain the forms or seek an extension of time within which to comply. Because Soeken chose simply to ignore the filing, the district court did not abuse its discretion in dismissing Soeken's petition.

### III. Conclusion

For the reasons set forth above, we DENY Soeken's petition for a COA and DISMISS this appeal. Because the district court has certified that this appeal is

not taken in good faith, we also DENY Soeken's motion to proceed *in forma pauperis*.  28 U.S.C. § 1915(a)(3).

Entered for the Court

Timothy M. Tymkovich
Circuit Judge