**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 14, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CAROLE JENKINS BOLLINGER,
Wife and Personal Representative of
Estate of Steven N. Bollinger, also
known as Carole E. Jenkins,

      Plaintiff-Appellant,

v.

LA VILLA GRANDE CARE
CENTER, ITS OUT OF STATE
PARENT CORPORATION,
MONTROSE COUNTY, JEANNETTE
HENSLEY, Director, and
COLORADO STATE HUMAN
SERVICES,

      Defendants-Appellees.

No. 08-1211
(D. of Colo.)
(D.C. No. 08-cv-628-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Carole E. Jenkins Bollinger, proceeding pro se, appeals the district court order dismissing her amended complaints without prejudice. Bollinger argues, as a pro se plaintiff, that the district court erred in not according leniency to her to cure deficiencies in the complaints. She also argues that the district court erred by concluding she must initiate separate lawsuits concerning her distinct claims against different defendants. Because the district court did not abuse its discretion, we AFFIRM.

**I.**

Bollinger initiated this action by filing a pro se motion to proceed *in forma pauperis* signed by Carole Jenkins, two different complaints, signed by Carole E. Jenkins and by Carole Jenkins Bollinger respectively, and three different cover sheets. She claimed to file the complaints in her capacity as the personal representative of Steven Bollinger, her deceased husband. The magistrate judge who reviewed the complaints determined, pursuant to local rules governing pro se pleadings, that the submitted documents were deficient. The magistrate judge issued an order opening a case, but directed Bollinger to cure the deficiencies within thirty days if she wished to pursue her claims.[1]

Bollinger then submitted two amended complaints: (1) a 42 U.S.C. § 1983 civil rights complaint signed by Carole Jenkins Bollinger filed against Montrose

---

[1] The deficiencies included a number of technical requirements. The magistrate judge also observed that the complaints were unreadable.

County, Jeannette Hensley, and Colorado State Human Services; and (2) a 28 U.S.C. § 1332 diversity complaint signed by Carole E. Jenkins filed against La Villa Grande Care Center and its out-of-state parent corporation. She also submitted two amended motions and affidavits seeking to proceed *in forma pauperis*, each listing "Steven N. Bollinger, Deceased" as plaintiff, each signed by Carole Jenkins Bollinger, and each listing different defendants in the caption.

Concluding that Bollinger failed to cure all of the deficiencies in the allotted time, the district court dismissed the amended complaints and the action without prejudice. The district court explained that, pursuant to Rule 17 of the Federal Rules of Civil Procedure, Carole Jenkins Bollinger, as representative for her deceased husband, could proceed in her own name. The district court determined, however, that she could not initiate two entirely different actions—a civil rights action and a diversity action—in one lawsuit. If Bollinger desires to pursue different actions against different defendants, the district court emphasized, she must initiate two separate lawsuits. Further, the district court explained, she must list the same defendants in the complaint and the 28 U.S.C. § 1915 *in forma pauperis* motion, and she must sign each document that she submits using the same name.

## II.

We review for abuse of discretion dismissals without prejudice for failure to cure deficiencies. *Cf. Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe*

*County Justice Ctr.*, 492 F.3d 1158, 1161–62, and n.2 (10th Cir. 2007) (reviewing for abuse of discretion dismissals under Rule 41(b), which authorizes courts to dismiss actions for a plaintiff's failure to comply with the rules of civil procedure or court orders); *Soeken v. Estep,* 270 F. App'x 734, 735 (10th Cir. 2008) (reviewing for abuse of discretion dismissal of habeas corpus petition without prejudice for failure to cure filing deficiencies). These cases teach us that a district court possesses broad discretion in determining whether to dismiss a petition without prejudice for failing to comply with court orders. *See, e.g.,* 8 James Wm. Moore et al.*, Moore's Federal Practice* ¶ 41.53 (3d ed. 2007) ("When the dismissal is without prejudice, an abuse of discretion will generally not be found, since the plaintiff may simply refile the suit.").

As Bollinger emphasizes, it is well established that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This liberal treatment has limits, however, and we have "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation omitted).

Here, the court gave Bollinger ample opportunity to cure the deficiencies in her filings, which she failed to do. A dismissal without prejudice for these reasons is not an abuse of discretion, and Bollinger fails to show otherwise.

Because the dismissal was without prejudice, Bollinger remains free to file new complaints in accordance with all federal and local filing rules.

Although Bollinger's assertion that the district court erred in concluding she failed to file two separate lawsuits is not outcome determinative, given that the district court referenced other deficiencies in her amended complaints as well, we nonetheless address the issue and reject her argument. After having reviewed the amended complaints, even under a liberal construction, we cannot say the district court erred in concluding that Bollinger improperly initiated "entirely different actions against different Defendants" in one lawsuit. R., Vol. I., Doc. 9, at 2; *cf. Trail Realty, Inc. v. Beckett*, 462 F.2d 396, 400 (10th Cir. 1972) ("[Federal Rule of Civil Procedure 20(a)] does not contemplate joinder where, as here, an attempt is made to incorporate into an existing action a different action against different parties and presenting entirely different factual and legal issues."). For the reasons explained above, the district court did not abuse its discretion in dismissing without prejudice for failure to cure deficiencies.

The judgment of the district court is AFFIRMED.[2]

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

---

[2] Bollinger has filed a motion with this court to proceed *in forma pauperis*. We GRANT that request.