FILED
United States Court of Appeals
Tenth Circuit

May 27, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENH CIRCUIT

PATRICK DURAY PORTLEY-EL,

      Petitioner-Appellant,

v.

HOYT BRILL, Warden, KCCC;
CORRECTION CORPORATION OF
AMERICA,

      Respondents-Appellees.

Nos. 09-1544, 09-1545
(D.C. Nos. 1:09-CV-1310-ZLW,
1:09-CV-1309-ZLW)
(D. Colo.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **MURPHY, GORSUCH,** and **HOLMES,** Circuit Judges.

Patrick Portley-El was convicted of various crimes by three different

Colorado state district courts and is now incarcerated at the Kit Carson Correction

Center in Burlington, Colorado. Seeking to challenge his imprisonment, he filed,

*pro se*, two different petitions for writs of habeas corpus in federal district court,

pursuant to 28 U.S.C. § 2254. The district court dismissed the first petition on

the ground that it challenged judgments entered in more than one court, in

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violation of Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"). The district court denied Mr. Portley-El's second petition, which challenged two convictions from the same court, on the ground that he had failed to exhaust state court remedies before filing his federal habeas petition, as required by 28 U.S.C. § 2254(b)(1)(A).

Mr. Portley-El now seeks from us a certificate of appealability ("COA") to appeal each of the district court's dismissals. We may issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court dismisses a § 2254 petition on procedural grounds, a COA is warranted only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As a *pro se* litigant, Mr. Portley-El is entitled to a solicitous reading of his pleadings. *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). But, in the end, we conclude the district court was unquestionably correct to dismiss both of Mr. Portley-El's petitions on procedural grounds, and so deny his COA applications and dismiss his appeals. We address the issues relevant to each of Mr. Portley-El's petitions in turn.

I

Mr. Portley-El's first § 2254 petition, the subject of appeal No. 09-1544, challenged five judgments of conviction rendered by three different Colorado

state district courts (Denver, Adams County, and Arapahoe County district courts). The district court ordered the respondents to file a pre-answer response addressing the affirmative defenses of untimeliness and failure to exhaust state remedies. Their response pressed both of those defenses. In addition, the respondents noted that Mr. Portley-El's petition ran afoul of Section 2254 Rule 2(e), which requires that a "petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." § 2254 R. 2(e). Invoking this rule, the magistrate judge directed Mr. Portley-El to amend his petition, within thirty days, to challenge the judgment or judgments of one court only. If Mr. Portley-El wished to challenge his remaining convictions from the other two courts, the magistrate judge advised, he could do so by filing separate petitions. The magistrate judge further warned that if Mr. Portley-El failed to amend in the time allowed, his petition would be denied and his action dismissed without prejudice. In the same order, the magistrate judge denied motions Mr. Portley-El had filed to strike the respondents' pre-answer response and enter a default judgment in his favor.

Though he filed papers requesting factual findings concerning the denial of his motions, Mr. Portley-El did not amend his habeas petition as directed. Consequently, the district court dismissed the petition without prejudice.

Mr. Portley-El attacks this dismissal on several grounds, but none would lead a reasonable jurist to doubt the correctness of the district court's ruling.

- 3 -

First, Mr. Portley-El maintains that he attempted to comply with Section 2254 Rule 2(e) by requesting the district court strike those portions of his habeas petition attacking his convictions from the Denver and Adams County district courts, leaving only the challenges to his Arapahoe County convictions. The district court abused its discretion, Mr. Portley-El appears to argue, by failing to honor this request and instead requiring him to file an amended petition. We think not. While *pro se* litigants are entitled to solicitous readings of their pleadings, they still must follow the rules of federal procedure, including the Section 2254 Rules. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Maunz v. Denver Dist. Court*, 160 F. App'x 719, 721 (10th Cir. 2005) (unpublished). The district court afforded Mr. Portley-El a reasonable opportunity to comply with those rules by submitting a clean amended complaint, rather than having the court undertake for itself the task of excising the offending portions. When he did not comply, the court dismissed the defective petition, but even then without prejudice. No reasonable jurist would conclude this was an abuse of discretion. *Cf. Murray v. Archambo*, 132 F.3d 609, 610 (10th Cir. 1998) (reviewing dismissal for failure to comply with local rules for abuse of discretion); *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990).

Second, Mr. Portley-El argues the district court improperly assisted the respondents by directing them to file a pre-answer response addressing possible affirmative defenses. Section 2254 Rule 4, however, authorizes the district court

to "order the respondent to file an answer, motion, *or other response*." § 2254 R. 4 (emphasis added). Here, the district court limited that response to timeliness and exhaustion in the interest of judicial efficiency. No reasonable jurist would conclude that this action constituted an abuse of discretion. *See Garza v. Davis*, 596 F.3d 1198, 1205 (10th Cir. 2010).[1] Accordingly, there is no basis to question the district court's procedural dismissal of Mr. Portley-El's first habeas petition.

## II

In his second habeas petition, the subject of appeal No. 09-1545, Mr. Portley-El attacks only his convictions in Arapahoe County district court, though on different grounds from his first petition. The district court dismissed this petition on the ground that Mr. Portley-El failed to exhaust his claims in state court before seeking federal relief. *See* 28 U.S.C. § 2254(b)(1)(A). Our own

---

[1] Mr. Portley-El also argues the Colorado Attorney General lacked constitutional or statutory authority to appear on behalf of the respondents, the operator of a private prison facility and its warden. He thus contends the pre-answer response filed by the Attorney General should have been stricken and, because no assertion of affirmative defenses would remain, default judgment should have been entered against the respondents. Even assuming a litigant may raise such objections to the identity of an opposing party's counsel, the authorities Mr. Portley-El cites do not stand for the remarkable proposition that the Attorney General is barred from opposing habeas relief for state prisoners in private prison facilities, who of course remain in the custody of the Colorado Department of Corrections. *See Frazier v. Carter*, 166 P.3d 193, 194 (Colo. App. 2007) (involving prisoner at Kit Carson Correctional Facility). Likewise, there is no merit to Mr. Portley-El's objections that the district court shouldn't have dismissed his habeas petition while his motion seeking factual findings concerning his motions to strike and enter default judgment was pending.

review of the record does not lead us to an alternative conclusion, and so we must deny Mr. Portley-El a COA for this petition.

To exhaust state remedies, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review by the state supreme court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Here, Mr. Portley-El didn't directly appeal his convictions. He did, however, file a petition for a writ of habeas corpus — which he asserts raised the same claims as his federal petition — in Kit Carson County district court. The court construed the petition as a motion for post-conviction relief under Colorado Rule of Criminal Procedure 35(c) and transferred the matter to the sentencing court (Arapahoe County) as required by state law.[2] Mr. Portley-El did not pursue his motion in that court, however, nor did he take any appeal then or afterward. Instead, he moved the Colorado Supreme Court for a writ of habeas corpus under that court's original jurisdiction. The supreme court summarily denied his petition.

Mr. Portley-El argues all this was enough to fulfill the exhaustion requirement. It was not. Because the Colorado Supreme Court will not entertain habeas petitions except in "exceptional" cases, seeking relief directly from that

---

[2] Mr. Portley-El asserts the Kit Carson County district court improperly dismissed his petition, but the court's order (which Mr. Portley-El attached to his federal habeas petition) makes clear that it merely transferred venue.

court doesn't qualify as fair presentation to state courts for exhaustion purposes. *Allen v. Zavaras*, 568 F.3d 1197, 1202-03 (10th Cir. 2009). Instead, Colorado state prisoners are required first to seek relief in state district court and then appeal to the supreme court in the normal course. *See id.* at 1203; *Edmiston v. Colorado*, 158 F. App'x 980, 981 (10th Cir. 2005) (unpublished). Though there is a limited exception when "the Colorado Supreme Court actually considers the merits of a habeas petition," *Allen*, 568 F.3d at 1203, there is nothing to indicate the court did so here. Neither does Mr. Portley-El — who bears the burden of proving exhaustion, *see McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009) — contend that it did; rather, he complains that it "readily and expeditiously denied" his petition, Opening Br. at 15 (No. 09-1545). Thus Mr. Portley-El failed to exhaust state court remedies before seeking federal habeas relief.

We may, of course, consider state remedies "exhausted" if no adequate and effective state remedy remains available. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). It appears there may be no such remedy here, as the district court determined that any future state claims would be denied as time-barred or successive under state law. But that also means Mr. Portley-El has procedurally defaulted on his state claims, *see id.*, and we "generally do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice," *Jackson v. Shanks*, 143

- 7 -

F.3d 1313, 1317 (10th Cir. 1998). Mr. Portley-El has offered no argument —

before either us or the district court — that either of these conditions pertains to

his case. Accordingly, we conclude reasonable jurists could not debate the

correctness of the district court's dismissal of Mr. Portley-El's second habeas

petition on procedural grounds.[3]

* * *

We deny Mr. Portley-El's COA applications and dismiss his appeals. We

grant his motions for leave to proceed *in forma pauperis*. We grant his motions

to supplement his brief and reply to the respondents' response in appeal No. 09-

1545.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

---

[3] Mr. Portley-El also repeats his arguments, from appeal No. 09-1544, that the district court impermissibly directed the respondents to raise affirmative defenses and that the Colorado Attorney General improperly represented the respondents. For the same reasons given in the first appeal, *supra* Section I, these arguments do not call into question the correctness of the district court's procedural ruling.