**FILED**
United States Court of Appeals
Tenth Circuit

**April 20, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALBERT MATTHEW HALL, III, a/k/a
Albert Matthew Hall III Bey,

    Plaintiff - Appellant,

v.

PLANET FITNESS; EXCEL FITNESS,

    Defendants - Appellees.

No. 20-5001
(D.C. No. 4:19-CV-00390-GKF-JFJ)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MATHESON**, and **CARSON**, Circuit Judges.
_____

Albert Matthew Hall, III, representing himself,[1] appeals the dismissal of his amended complaint without prejudice for failing to comply with a court-ordered deadline to serve the defendants. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Hall is pro se, we construe his filings liberally, but we do not act as his advocate. _Yang v. Archuleta_, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

In his amended complaint, Mr. Hall alleged that when defendants Planet Fitness and Excel Fitness fired him for using marijuana in violation of their illegal drug policy, they discriminated against him based on his religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* He further alleged that using marijuana is a sacramental practice in his religion.

On November 20, 2019, the district court ordered Mr. Hall to show cause why he had not filed a return of service to show the defendants had been served. He responded that the court had not directed him to serve the defendants. The court then set a deadline for Mr. Hall to effect service, but he failed to comply.

On December 27, 2019, the district court entered the following order:

> On December 11, 2019, the court directed plaintiff Albert Matthew Hall, III to serve Summons upon defendants Planet Fitness and Excel Fitness, in the manner prescribed by Federal Rule of Civil Procedure 4, and file with the court returns of service by December 26, 2019. The court advised that failure to do so would result in dismissal of this case without prejudice. *See* [Doc. 15]. Plaintiff failed to file returns of service by December 26, 2019. Accordingly, plaintiff's claims are dismissed without prejudice, and the Court Clerk is directed to terminate this matter.

The court entered judgment the same day.

In his brief, Mr. Hall attempts to argue the merits of his claim but does not contend the district court erred by dismissing his case for failure to file returns of service. He has therefore waived any challenge to the district court's ruling. *See Anderson v. U.S. Dep't*

2

*of Labor*, 422 F.3d 1155, 1174 (10th Cir. 2005) ("The failure to raise an issue in an opening brief waives that issue.").

Mr. Hall's appeal would fail on the merits. "[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 855 (10th Cir. 2005). "[A] district court possesses broad discretion in determining whether to dismiss a petition without prejudice for failing to comply with court orders." *Bollinger v. La Villa Grande Care Ctr.,* 296 F. App'x 658, 659 (10th Cir. 2008) (unpublished) (cited for persuasive value under 10th Cir. R. 32.1(A)). For the reasons stated in the district court's order, we see no abuse of discretion here. *See* 8 James Wm. Moore *et al.*, *Moore's Federal Practice – Civil* ¶ 41.53 (3d ed. 2019) ("When the dismissal is without prejudice, an abuse of discretion will generally not be found, because the plaintiff may simply refile the suit.").

We affirm the district court's judgment.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

3