**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 31, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES C. STRADER,

    Plaintiff - Appellant,

v.

STATE OF KANSAS; KANSAS
DEPARTMENT OF CORRECTIONS;
SAM A. CROW; TIM O'BRIEN;
CORIZON; ARAMARK; MARCUS L.
DAVIS; (FNU) BELL; MATTHEW
MOORE; FEDERAL PREA LINE
INVESTIGATOR UNIT; J. HOEPNER;
(FNU) RANDOLFF; (FNU) HORSH;
(FNU) FOOS; (FNU) MARTIN; J.D.
GRIFFITHS; ROLANDO TIRADOR;
(FNU) WHITE; (FNU) HOGAN; (FNU)
BUCHANAN; C. KNOUXES; BRENDA
FRAILEY; (FNU) MITCHELL; (FNU)
MCCOLLOUGH; (FNU) SIGNOR; (FNU)
ARRINGTON; (FNU) GILLEY; (FNU)
SANCHEZ; (FNU) MOUNCE; C.
CLEMMONS; (FNU) BLAIR; (FNU)
CORBY; (FNU) HERNANDEZ; (FNU)
CANNON; (FNU) GALLAGER; (FNU)
GALLOWAY; (FNU) SYSSELL; A.
JOHNSON; (FNU) BUTCHER; (FNU)
ECHOLS; D. LEWIS; M. NELSON;
JOHN PETTY; (FNU) SANCHEZ; (FNU)
BYERS; (FNU) TURNER; (FNU)
GOULD; (FNU) LINTZ; ROGER
WERHOLTZ; SAM CLINE; (FNU)
SHUBER; (FNU) SIMMONS; JOE
NORWOOD; J.P. STIFFIN; BILL
SHIPMAN; (FNU) FERDINAN; (FNU)
FERNANDO; (FNU) WILLIAMS; (FNU)

No. 20-3137
(D.C. No. 5:19-CV-03218-HLT)
(D. Kan.)

YARNELL; (FNU) THORP; (FNU)
SANTOS; BUTLER AND ASSOCIATES;
LANSING CORRECTIONAL FACILITY;
KRIS (LNU); ROSS (LNU); KANSAS
BUREAU OF INVESTIGATION; J.
BUTLER; TRISH ROSE,

     Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.
_____

Pro se state prisoner James C. Strader brought a civil rights suit against the State

of Kansas under 42 U.S.C. § 1983. The district court dismissed the action without

prejudice under Federal Rule of Civil Procedure 41(b) and denied Mr. Strader's motion

for reconsideration under Rule 60(b). Mr. Strader appeals. Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

The district court dismissed because Mr. Strader twice failed to comply with an

order (1) to submit the $2.00 initial partial filing fee or to show cause why this matter

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

should not be dismissed due to his failure to submit the fee, and (2) to submit a certified financial statement showing his account balance.

We review a Rule 41(b) dismissal for abuse of discretion. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158 (10th Cir. 2007). "[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005). "[A] district court possesses broad discretion in determining whether to dismiss a petition without prejudice for failing to comply with court orders." *Bollinger v. La Villa Grande Care Ctr.*, 296 F. App'x 658, 659 (10th Cir. 2008) (unpublished) (cited for persuasive value under 10th Cir. R. 32.1(A)).

When Mr. Strader failed to comply with the district court's initial order, the court entered another order instructing him how to comply, but he did not provide the financial materials ordered by the court. This noncompliance came after the court had stricken 14 of his pleadings and after Mr. Strader continued to file voluminous pleadings the court had not authorized.

We see no basis to find that the district court abused its discretion when it dismissed the action for failure to follow court orders to pay the partial fee or to provide a current financial statement, especially when the dismissal was without prejudice. *See* 8 James Wm. Moore et al., *Moore's Federal Practice – Civil* ¶ 41.53 (3d ed. 2019) ("When the dismissal is without prejudice, an abuse of discretion will generally not be found, because the plaintiff may simply refile the suit.").

3

We affirm the district court's judgment.  We deny Mr. Strader's request to proceed *in forma pauperis*, so the full filing fee is now due.  The pending motion filed on December 30, 2020, is denied as moot.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge